UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> MILLER CONTRACTING, INC., et al., <br><br> Defendants, | Case No.: 4:07cv1500 JCH |

## MEMORANDUM OPINION

**A.    Procedural History.**

Plaintiffs are a labor organization, several employee benefit plans, and the trustees and fiduciaries of those plans. Defendant is Miller Contracting, Inc.[1]

On December 27, 2007, this Court entered a consent judgment against defendant Miller Contracting, Inc. in the amount of $78,691.98 for delinquent contributions, liquidated damages, interest, attorneys' fees, and costs owed to plaintiffs under collective bargaining agreements and under the terms of ERISA, 29 U.S.C. §1132. Defendant failed to make payments pursuant to the terms of the consent judgment, causing the entire balance to become due. Plaintiffs have not been able to collect all of the judgment.

Plaintiffs move the Court for a Creditor's Bill in Equity and to Pierce the Corporate Veil of Miller Contracting, Inc. and permit plaintiffs to satisfy the judgment from the alter egos of that company: Miller Building Group, LLC, Miller Demolition, LLC, JLM Operating, and Jimmie

---

[1] In his deposition, Jimmie Miller referred to a company called Miller Contracting Services, Inc. The Missouri Secretary of State website indicates that Miller Contracting, Inc. is a previous legal name for Miller Contracting Services, Inc.

Miller. Further, plaintiffs ask the Court to set aside a real estate transaction between Miller Contracting, Inc. and JLM Real Estate Investment, LLC as a fraudulent conveyance.

Plaintiffs have shown that Miller Building Group, LLC, Miller Demolition, LLC, JLM Operating, and Jimmie Miller are the alter egos of defendant Miller Contracting, Inc. Therefore, plaintiffs are entitled to a creditor's bill in equity to enforce the December 27, 2007 judgment against these entities. Moreover, plaintiffs have shown that the real estate transaction between Miller Contracting, Inc. and JLM Real Estate Investment, LLC was a fraudulent conveyance. Therefore, the transaction will be set aside.

B.     **Findings of Fact**.

Defendant Miller Contracting, Inc. went out of business in 2010 and it no longer has any assets. Jimmie Miller is the principal of defendant Miller Contracting, Inc.

Jimmie Miller started Miller Building Group, LLC, Miller Demolition, LLC, and JLM Operating in 2007. Miller Building Group, LLC performed carpenters' work, Miller Demolition, LLC performed laborers' work, and JLM Operating performed operators' work. These companies all operated simultaneously with Miller Contracting Services, Inc. Jimmie Miller formed these companies because he was "always being attacked by the Laborers Welfare Fund or the [Eastern Missouri Laborers' District Council] in reference to garnishments." Miller Building Group, LLC, Miller Demolition, LLC, and JLM Operating went out of business in 2010.

Jimmie Miller has paid benefits to plaintiffs from Miller Building Group on behalf of defendant. However, Miller Building Group never signed a collective bargaining agreement with the plaintiff Unions. Jimmie Miller has signed settlement agreements which bound both defendant and "Miller Building Group, Inc." KCI Construction Co. and Paric have submitted joint checks payable to both Miller Building Group, LLC and plaintiffs.

Currently, Jimmie Miller is performing construction services as an individual d/b/a Miller Building Group. Jimmie Miller has performed laborers duties and has hired laborers, many of whom have worked for Miller's previous companies. On December 9, 2011, Jimmie Miller gave plaintiffs' counsel permission to file a garnishment for funds held by Miller Building Group, despite the fact that plaintiffs' judgment is against Miller Contracting, Inc.

JLM Real Estate Investment, LLC is a company owned by Jimmie Miller whose only purpose is to hold the title to the real property located at 2233 Olive St., St. Louis, MO 63103. Previously, this real property was owned by defendant Miller Contracting, Inc. The real property was transferred through a quit claim deed to JLM Real Estate Investment, LLC in August 2005.

Plaintiffs previously had a consent judgment against defendant Miller Contracting, Inc. dated May 19, 2004 before this Court in Case No. 4:02cv1589 AGF. This consent judgment required periodic payments. On November 5, 2004 and November 8, 2005, plaintiffs wrote defendant's counsel giving notice of default on the payment plan.

C. **Conclusions of Law**.

This case is governed by ERISA, 29 U.S.C. §§ 1132(a)(3)(ii) and 1145, and by the LMRA, 29 U.S.C. § 185(a). Jurisdiction and venue are proper.

1. **Alter Ego**.

Under the LMRA, one business entity is the alter ego of another, and thus liable for its obligations, if the two are substantially identical in terms of ownership, management, supervision, business purpose, operations, customers, equipment, facilities and employees. See, e.g., Woodline Motor Freight, Inc. v. NLRB, 843 F.2d 285, 288-89 (8th Cir. 1988). Not all of the outlined factors need be identical. Under ERISA, one business entity is likewise the alter ego of another if the two exist independently in form only, and those separate forms are used as a

subterfuge to defraud, to justify a wrong, or to mislead or discourage pursuit of legal action. See, e.g., Greater Kansas City Laborers Pension Fund v. Superior General Contractors, Inc., 104 F.3d 1050, 1055 (8th Cir. 1997).

A creditor's bill in equity under Missouri law "enables a judgment creditor to 'trace the value of the goods and services rendered to an empty-shell corporation to the parties behind such a corporation who have received and benefitted from the property or services.'" H.H. Robertson Company v. V.S. DiCarlo General Contractors, Inc., 994 F.2d 476, 477 (8th Cir. 1993) (quoting Shockley v. Harry Sander Realty Co., 771 S.W.2d 922, 925 (Mo.App. 1989)). The Missouri alter ego standard applies to such claims. Id.; see also Mobius Management Systems, Inc. v. West Physician Search, LLC, 175 S.W.3d 186, 189 (Mo.App. 2005).

Missouri law presumes that corporations are separate entities, and courts do not lightly disregard the corporate form to hold one corporation liable for the behavior of another. Mid-Missouri Tel. Co. v. Alma Tel., 18 S.W.3d 578, 582 (Mo.App. 2000). Missouri courts will "pierce the corporate veil" and hold a defendant liable for the torts of another corporation under the "instrumentality" or "alter ego" rule if the plaintiff can establish:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
>
> (2) such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and
>
> (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

Radaszewski v. Telecom Corp., 981 F.2d 305, 306 (8th Cir. 1992); see also Mobius Management Systems, Inc. v. West, 175 S.W.3d 186, 189 (Mo.App. 2005). This standard is almost identical to that applied in ERISA cases. See Kansas City Laborers, 104 F.3d at 1055.

In determining whether one corporation exercised control over another to the extent necessary to pierce the corporate veil, this Court looks to a number of factors, including: the ownership and creation of both corporations, the management of the corporations, the physical location of corporate offices, and the transfer of assets, contracts, and employees between the corporations. See Operating Engineers Local No. 101 Pension Fund v. K.C. Excavating & Grading, Inc., 2002 WL 1492103 at *6 (W.D. Mo. 2002); see also H.H. Robertson Co. v. V.S. DiCarlo General Contractors, 789 F.Supp. 998, 1000 (E.D. Mo. 1992); Edward D. Gevers Heating & Air Conditioning Co. v. R. Webbe Corp., 885 S.W.2d 771, 774 (Mo. App. 1994).

Here, the key occurrence is Jimmie Miller's utilization of Miller Building Group, LLC, Miller Demolition, LLC, JLM Operating, LLC, and his sole proprietorship to frustrate plaintiffs' efforts to collect their judgment against defendant Miller Contracting, Inc.

Defendant Miller Contracting, Inc. went out of business in 2010. In 2007, Jimmie Miller started three new companies: Miller Building Group, LLC, Miller Demolition, LLC, and JLM Operating. These companies performed aspects of the work performed by defendant Miller Contracting, Inc. (including laborers' work) and operated simultaneously alongside one another and defendant Miller Contracting, Inc. The purpose of the creation of these companies was to shield Mr. Miller's enterprises from plaintiffs' garnishments. Indeed, in his deposition, Mr. Miller admitted that he formed these companies because he was "always being attacked by the Laborers Welfare Fund or the [Eastern Missouri Laborers' District Council] in reference to garnishments."

Jimmie Miller has paid benefits to plaintiffs from Miller Building Group on behalf of defendant, despite the fact that Miller Building Group never signed a collective bargaining agreement. Moreover, Mr. Miller has signed settlement agreements which bound "Miller Building Group, Inc." to pay the debts of defendant. Finally, general contractors have submitted joint checks payable to both Miller Building Group, LLC and plaintiffs.

Currently, Jimmie Miller is performing construction services as an individual d/b/a Miller Building Group. In this capacity, Jimmie Miller has performed laborers duties and has hired laborers, many of whom have worked for Miller's previous companies. Jimmie Miller has even authorized plaintiffs to file a garnishment for work done by Miller Building Group.

Defendant Miller Contracting, Inc. had a positive legal duty under the collective bargaining agreement and federal law to make the required contributions to plaintiffs. However, Jimmie Miller has abandoned defendant and created Miller Building Group, LLC, Miller Demolition, LLC, and JLM Operating to avoid plaintiffs' collection efforts. Moreover, after the demise of his other companies, Mr. Miller is now performing work as a sole proprietorship. This breach of duty has clearly caused injury to plaintiffs, as their judgment has been rendered uncollectable from defendant Miller Contracting, Inc. itself.

### 2. Fraudulent Conveyance.

The key elements of a fraudulent conveyance are the "conveyance of goods or titles with an intent to hinder, delay, or defraud creditors." Bueneman v. Zykan, 52 S.W.3d 49, 54 (Mo.App. 2001). The burden of proof is on the creditor, who must prove the case by clear and convincing evidence. Id. Fraudulent intent is often demonstrated by the surrounding facts and circumstances of the transaction. Id. "Creditors' bills have been used frequently over the years in attempts to set aside fraudulent conveyances." Shockley, 771 S.W.2d at 924.

In August 2005, Jimmie Miller transferred the title to 2233 Olive St., St. Louis, MO 63103 from defendant to JLM Real Estate Investment, LLC, another company he owned. The sole purpose of JLM Real Estate Investment, LLC is to hold title to 2233 Olive St., St. Louis, MO 63103. At the time of the transfer, plaintiffs had a consent judgment against defendant which required periodic payments. Both before and after the conveyance of 2233 Olive St., St. Louis, MO 63103, plaintiffs had written defendant's attorneys, advising them of defendant's default on the consent judgment. Under these circumstances, the only explanation for Mr. Miller's transfer of 2233 Olive St., St. Louis, MO 63103 was to avoid plaintiffs' efforts to collect their judgment. Therefore, this transaction will be set aside as a fraudulent conveyance.

### D. Conclusion.

Plaintiffs have shown that Miller Building Group, LLC, Miller Demolition, LLC, and JLM Operating, and Jimmie Miller are the alter egos of Miller Contracting, Inc. Plaintiffs are thus entitled to a creditor's bill in order to satisfy the judgment against defendants from the assets of its alter ego. Therefore, a judgment of $78,691.98 shall be entered against Miller Building Group, LLC, Miller Demolition, LLC, and JLM Operating, and Jimmie Miller. Finally, plaintiffs have shown that the conveyance of real property by defendant to JLM Real Estate Investment, LLC was a fraudulent conveyance. Therefore, this transaction will be set aside.

SO ORDERED:

_____
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

Date: 2/23/12